Keith J. Miller
Bradley A. Suiters, Esq.
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
Tel: (973) 690-5400

*Attorneys for Plaintiffs
Genentech, Inc. and Hoffmann-La Roche Inc.*

Eric Alan Stone
Daniel J. Klein*
Aileen Huang*
Eliza P. Strong*
GROOMBRIDGE, WU, BAUGHMAN
    & STONE LLP
565 Fifth Ave, Suite 2900
New York, New York 10017
Tel: (332) 269-0030

Philip S. May
Saurabh Gupta*
Alyssa Ertel*
GROOMBRIDGE, WU, BAUGHMAN
    & STONE LLP
801 17th Street NW, Suite 1050
Washington, D.C. 20006
Tel: (202) 505-5830

*Pro hac vice* application forthcoming

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| GENENTECH, INC. and HOFFMANN-LA ROCHE INC., | Case No. _____ |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| ZYDUS LIFESCIENCES GLOBAL FZE, ZYDUS LIFESCIENCES LTD., and ZYDUS PHARMACEUTICALS (USA) INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiffs Genentech, Inc. ("Genentech") and Hoffmann-La Roche, Inc. ("Roche") for their Complaint against Defendants Zydus Lifesciences Global FZE ("Zydus FZE"), Zydus Lifesciences Ltd. ("Zydus Ltd."), Zydus Pharmaceuticals (USA) Inc. ("Zydus Inc." and, collectively with Zydus FZE and Zydus Ltd., "Zydus"), allege as follows:

## NATURE OF THE ACTION

1.    This is an action for patent infringement under the laws of the United States, including 35 U.S.C. §§ 271(a), (b), (c), (e), and (f), arising from Zydus's Abbreviated New Drug Application No. 219902 (the "Zydus ANDA") to the United States Food and Drug Administration ("FDA"), by which Zydus seeks approval to market a generic version of Genentech and Roche's pharmaceutical product EVRYSDI® (risdiplam) prior to the expiration of United States Patent No. 12,122,789 (the "'789 Patent" or the "Asserted Patent"), which covers, *inter alia*, EVRYSDI®.

## THE PARTIES

2.    Plaintiff Roche is a New Jersey corporation with a principal place of business at 150 Clove Road, Little Falls, NJ 07424.  Roche is a pharmaceutical company that researches, develops, and manufactures drugs to address unmet medical needs.  Roche helped develop and obtained approval from FDA to market EVRYSDI®, the first and only therapy approved by FDA for treatment of spinal muscular atrophy ("SMA") in adults and children two months of age and older that can be administered orally at home.

3.    Plaintiff Genentech is a Delaware corporation with a principal place of business at One DNA Way, South San Francisco, CA 94080.  Genentech is a biotechnology company that develops, manufactures, and commercializes medicines to treat patients with serious and life-threatening medical conditions.  Genentech holds the exclusive right to sell, distribute, and market EVRYSDI® in the United States.

2

4.      On information and belief, Defendant Zydus FZE is a corporation organized and existing under the laws of Dubai, United Arab Emirates, having a principal place of business at FZJO B2601, Jebel Ali Free Zone Dubai, Dubai, United Arab Emirates.  On information and belief, Zydus FZE is a wholly owned subsidiary of Zydus Ltd. and is controlled by Zydus Ltd.

5.      On information and belief, Defendant Zydus Ltd. is a corporation organized and existing under the laws of India, having its corporate offices and principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G. Highway, Ahmedabad 382481, Gujarat, India.

6.      On information and belief, Defendant Zydus Inc. is a corporation organized and existing under the laws of New Jersey, having a principal place of business located at 73 Route 31 N., Pennington, NJ 08534.  On information and belief, Zydus Inc. is a wholly owned subsidiary of Zydus Ltd. and is controlled by Zydus Ltd.

7.      On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. acted in concert to prepare and file the Zydus ANDA.

## JURISDICTION

8.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9.      This Court has personal jurisdiction over Zydus FZE and Zydus Ltd. under Fed. R. Civ. P. 4(k)(2) because, on information and belief, Zydus FZE and Zydus Ltd. are organized under the laws of Dubai and India, respectively, and are not subject to jurisdiction in any State's courts of general jurisdiction and because exercising jurisdiction is consistent with the United States Constitution and laws, including because Zydus FZE and Zydus Ltd. have sufficient contacts with the United States that relate to the claims in this case.

10.     On information and belief, Zydus FZE is in the business of manufacturing generic pharmaceuticals that it distributes or has distributed in the State of New Jersey and throughout the United States.

11.     Zydus FZE has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, including Genentech, which sells EVRYSDI® for use throughout the United States, including in this judicial District.  On information and belief, and as indicated by the Zydus Notice Letter (as further defined herein), Zydus FZE prepared and filed, or aided, abetted, contributed to, and/or participated in the preparation and filing of the Zydus ANDA with the intention of seeking to market generic risdiplam nationwide, including within this judicial District.

12.     On information and belief, Zydus FZE plans to market and sell generic risdiplam in the State of New Jersey, list generic risdiplam on the State of New Jersey's prescription drug formulary, and seek Medicaid reimbursement for sales of the ANDA products in the State of New Jersey, either directly or through one or more of Zydus FZE's wholly owned subsidiaries, agents, and/or alter egos.

13.     On information and belief, Zydus FZE knows and intends that its proposed generic risdiplam product will be distributed and sold in New Jersey and will thereby displace sales of EVRYSDI®, causing injury to Plaintiffs.  Zydus FZE intends to take advantage of its established channels of distribution in New Jersey for the sale of its proposed generic risdiplam product.

14.     This Court also has personal jurisdiction over Zydus Ltd. by virtue of, *inter alia*, its having engaged in systematic and continuous contacts with the State of New Jersey, including but not limited to through its United States subsidiary Zydus Inc., which has a principal place of business in Pennington, NJ; having previously admitted, consented to, or declined to contest the

jurisdiction of this Court; and/or having availed itself of this Court's rights, benefits, and privileges by asserting claims and counterclaims in prior District of New Jersey actions. *See, e.g.*, *AbbVie Inc. et al. v. Zydus Pharms. (USA) Inc. et al.*, Civ. No. 24-4603-ZNQ (D.N.J. Apr. 5, 2024); *Aragon Pharms., Inc. et al. v. Zydus Worldwide DMCC et al.*, Civ. No. 22-2964-EP (D.N.J. Apr. 14, 2024).

15. On information and belief, Zydus Ltd. is in the business of manufacturing generic pharmaceuticals that it distributes or has distributed in the State of New Jersey and throughout the United States.

16. Zydus Ltd. has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, including Genentech, which sells EVRYSDI® for use throughout the United States, including in this judicial District. On information and belief, and as indicated by the Zydus Notice Letter (as further defined herein), Zydus Ltd. prepared and filed, or aided, abetted, contributed to, and/or participated in the preparation and filing of the Zydus ANDA with the intention of seeking to market generic risdiplam nationwide, including within this judicial District.

17. On information and belief, Zydus Ltd. plans to market and sell generic risdiplam in the State of New Jersey, list generic risdiplam on the State of New Jersey's prescription drug formulary, and seek Medicaid reimbursement for sales of the ANDA products in the State of New Jersey, either directly or through one or more of Zydus Ltd.'s wholly owned subsidiaries, agents, and/or alter egos.

18. On information and belief, Zydus Ltd. knows and intends that its proposed generic risdiplam product will be distributed and sold in New Jersey and will thereby displace sales of EVRYSDI®, causing injury to Plaintiffs. Zydus Ltd. intends to take advantage of its established channels of distribution in New Jersey for the sale of its proposed generic risdiplam product.

19.     Although this court has personal jurisdiction over Zydus FZE and Zydus Ltd. for at least the reasons set forth above, in the absence of such personal jurisdiction in any single state, foreign entities such as Zydus FZE and Zydus Ltd. are subject to jurisdiction throughout the United States.  *See* Fed. R. Civ. P. 4(k)(2); *see, e.g.*, *Genetic Veterinary Scis.*, 933 F.3d at 1311–12; *M-I Drilling Fluids UK*, 890 F.3d at 1003.

20.     This Court has personal jurisdiction over Zydus Inc. by virtue of, *inter alia*, its being incorporated in the State of New Jersey and having a principal place of business in Pennington, NJ, and its having engaged in systematic and continuous contacts with the State of New Jersey; its having previously admitted, consented to, or declined to contest the jurisdiction of this Court; and/or its having availed itself of this Court's rights, benefits, and privileges by asserting claims and counterclaims in prior District of New Jersey actions.  *See, e.g.*, *AbbVie Inc. et al. v. Zydus Pharms. (USA) Inc. et al.*, Civ. No. 24-4603-ZNQ (D.N.J. Apr. 5, 2024); *Aragon Pharms., Inc. et al. v. Zydus Worldwide DMCC et al.*, Civ. No. 22-2964-SRC (D.N.J. May 20, 2022); *Valeant Pharms. N. Am. LLC v. Zydus Pharms. (USA) Inc.*, Civ. No. 18-13635-PGS (D.N.J. Sept. 6, 2018); *Otsuka Pharm. Co. Ltd. v. Zydus Pharms. USA Inc. et al.*, Civ. No. 17-2754-JBS (D.N.J. Apr. 21, 2017).

21.     On information and belief, Zydus Inc. is in the business of manufacturing generic pharmaceuticals that it distributes or has distributed in the State of New Jersey and throughout the United States.

22.     Zydus Inc. has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, including Genentech, which sells EVRYSDI® for use throughout the United States, including in this judicial District.  On information and belief, and as indicated by the Zydus Notice

Letter (as further defined herein), Zydus Inc. prepared and filed, or aided, abetted, contributed to, and/or participated in the preparation and filing of the Zydus ANDA with the intention of seeking to market generic risdiplam nationwide, including within this judicial District.

23.    On information and belief, Zydus Inc. plans to market and sell generic risdiplam in the State of New Jersey, list generic risdiplam on the State of New Jersey's prescription drug formulary, and seek Medicaid reimbursement for sales of the ANDA products in the State of New Jersey, either directly or through one or more of Zydus Inc.'s wholly owned subsidiaries, agents, and/or alter egos.

24.    On information and belief, Zydus Inc. knows and intends that its proposed generic risdiplam product will be distributed and sold in New Jersey and will thereby displace sales of EVRYSDI®, causing injury to Plaintiffs.  Zydus Inc. intends to take advantage of its established channels of distribution in New Jersey for the sale of its proposed generic risdiplam product.

25.    On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. collaborate with respect to the manufacture, regulatory approval, market, sale, and/or distribution of generic pharmaceutical products.  On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. are agents of one another or operate in concert as integrated parts of the same business group.  On information and belief, Zydus FZE, in collaboration with Zydus Ltd. and Zydus Inc., manufactures and distributes generic pharmaceutical products for sale in the State of New Jersey and throughout the United States.

26.    Zydus FZE, Zydus Ltd., and Zydus Inc. have not contested jurisdiction in New Jersey in another action filed by Plaintiffs and have availed themselves of this Court's jurisdiction by asserting counterclaims.  *See Genentech, Inc. et al. v. Natco Pharma Ltd. et al.*, Civ. No. 24-10567-BRM-JSA, D.I. 30 (D.N.J. Feb. 26, 2025).

## VENUE

27.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) with respect to Plaintiffs' claims against Zydus FZE and Zydus Ltd. because, *inter alia*, Zydus FZE and Zydus Ltd. are foreign corporations that are incorporated in the United Arab Emirates and India, respectively, and may be deemed to reside and be sued in any judicial district in the United States in which Zydus FZE and Zydus Ltd., respectively, is subject to this Court's personal jurisdiction. *See In re HTC Corp.*, 889 F.3d at 1357.

28.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) with respect to Plaintiffs' claims against Zydus Inc. because, *inter alia*, Zydus Inc. resides in New Jersey by being incorporated in the State of New Jersey and by having a regular and established place of business in Pennington, NJ and, and has committed acts of infringement in the State of New Jersey including, *inter alia*, by participating in the submission of the Zydus ANDA in the State of New Jersey.

29.      Zydus FZE, Zydus Ltd., and Zydus Inc. have not contested venue in New Jersey in another action filed by Plaintiffs. *See Genentech, Inc. et al. v. Natco Pharma Ltd. et al.*, Civ. No. 24-10567-BRM-JSA, D.I. 30 (D.N.J. Feb. 26, 2025).

## EVRYSDI®

30.      Genentech holds New Drug Application ("NDA") No. 213535 for EVRYSDI® (risdiplam) a survival of motor neuron 2 ("SMN2") splicing modifier indicated for the treatment of SMA in pediatric and adult patients, which Genentech sells under the trade name EVRYSDI®.

31.      The claims of the Asserted Patent cover, *inter alia*, EVRYSDI®.

32.      The active ingredient in EVRYSDI® is risdiplam.

33.      The EVRYSDI® prescribing information label (the "EVRYSDI® Label") states that 60 milligrams of risdiplam is provided as a powder for constitution to provide 0.75 mg/mL

solution. EVRYSDI® comprises risdiplam or a pharmaceutically acceptable salt thereof, a stabilizer, an antioxidant, an acidifier, and one or more pharmaceutically acceptable excipients.

34.    The EVRYSDI® Label states that EVRYSDI® should be administered to a patient orally once daily and that the recommended dosage of EVRYSDI® is determined by age and body weight, as follows:

------------------- DOSAGE AND ADMINISTRATION ---------------------

EVRYSDI must be constituted by a healthcare provider prior to dispensing. Administer orally once daily after a meal using the provided oral syringe. (2.1, 2.4)

| Age and Body Weight | Recommended Daily Dosage |
|---|---|
| Less than 2 months of age | 0.15 mg/kg |
| 2 months to less than 2 years of age | 0.2 mg/kg |
| 2 years of age and older weighing less than 20 kg | 0.25 mg/kg |
| 2 years of age and older weighing 20 kg or more | 5 mg |

EVRYSDI® Label, Table 1.

35.    Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '789 Patent is listed in FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as the "*Orange Book*") in connection with EVRYSDI® and the related NDA.

## THE ZYDUS ANDA

36.    On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. acted collaboratively and in concert to file the Zydus ANDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act, *i.e.*, 21 U.S.C. § 355(j), seeking approval to commercially manufacture, use, sell and/or market a generic version of EVRYSDI® for oral solution (the "Zydus ANDA Product").

37. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. acted collaboratively and in concert to prepare and submit the Zydus ANDA and continue to act collaboratively and in concert to pursue FDA approval of the Zydus ANDA and to seek to market the Zydus ANDA Product.

38. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. rely on material assistance from each other to manufacture, market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of New Jersey. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. intend to act collaboratively and in concert to commercially manufacture, market, distribute, import into the United States, offer for sale, and/or sell the Zydus ANDA Product, in the event FDA approves the Zydus ANDA.

39. On information and belief, the Zydus ANDA refers to and relies upon the EVRYSDI® NDA and contains data that, according to Zydus, demonstrates the bioequivalence of the Zydus ANDA Product and EVRYSDI®.

40. On information and belief, Zydus made and included in its ANDA a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") that, in its opinion and to the best of its knowledge, the Zydus ANDA Product will not infringe any valid and enforceable claims of the '789 Patent.

41. Genentech and Roche received written notice of the Zydus ANDA and Paragraph IV Certification by letter dated January 14, 2025 (the "Zydus Notice Letter"), along with an enclosed statement (the "Zydus Detailed Statement") with Zydus's bases for stating that the Zydus ANDA Product will not infringe any valid and enforceable claims of the '789 Patent.

42. This action is being commenced within 45 days of receipt of the Zydus Notice Letter.

43.    Zydus has infringed one or more claims of the '789 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of the filing of the Zydus ANDA with a Paragraph IV Certification and seeking FDA approval of the Zydus ANDA prior to the expiration of the '789 Patent or any extensions thereof.

44.    Zydus has infringed one or more claims of the '789 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of filing the Zydus ANDA seeking FDA approval to commercially manufacture, use, offer for sale, sell, distribute in, or import into the United States a generic version of EVRYSDI® prior to the expiration of the Asserted Patent or any extensions thereof.  Zydus will infringe one or more claims of the Asserted Patent under 35 U.S.C. §§ 271(a), (b), (c), or (f) should it engage in, induce, or contribute to the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of a generic version of EVRYSDI® prior to the expiration of the Asserted Patent or any extensions thereof.

## THE ASSERTED PATENT

**U.S. Patent No. 12,122,789**

45.    The allegations above are incorporated herein by reference.

46.    Roche owns the '789 Patent entitled "Forms of Pyrido[1,2-a]pyrimidin-4-one Derivatives, Its Formulation and Its Process of Making."  The USPTO duly and legally issued the '789 Patent on October 22, 2024.  The '789 Patent names as inventors Roland Meier, Urs Schwitter, Anne De Paepe, Juergen Thun, and Frank Stowasser.  Currently, the '789 Patent is duly assigned to Roche.  Roche has licensed its rights under the '789 Patent to Genentech for the commercialization, manufacture, and sale of EVRYSDI® and any product containing risdiplam. Genentech and Roche have all necessary rights in and to the '789 Patent to assert infringement of, and seek relief for, infringement of the '789 Patent.

47.   A true and correct copy of the '789 Patent is attached to this Complaint as Exhibit A.

48.   The '789 Patent claims solid forms of risdiplam.  For example, claim 1 of the '789 Patent claims:

A solid form of a compound of formula (I)

(I)

Wherein the solid form is crystalline Form A having an x-ray powder diffraction (XRPD) pattern comprising at least two XRPD peaks selected from the group consisting of 8.3 (±0.2) degrees two-theta, 11.4 (±0.2) degrees two-theta, 15.1 (±0.2) degrees two-theta, 15.9 (±0.2) degrees two-theta, 17.0 (±0.2) degrees two-theta.  24.0 (±0.2) degrees two-theta, and 25.6 (±0.2) degrees two-theta angle of diffraction.

49.    The '789 Patent claims formulations of pharmaceutical compositions comprising risdiplam.  As an example, claim 9 of the '789 Patent claims:

A pharmaceutical composition comprising the solid form of claim **1**, and a pharmaceutically acceptable excipient.

50.   The '789 Patent also claims kits for the preparation of pharmaceutical compositions comprising risdiplam.  For example, claim 11 of the '789 Patent claims:

A kit comprising the pharmaceutical composition of claim **9**, and water as solvent for constitution of said pharmaceutical composition into an oral aqueous solution.

## COUNT I
## (INFRINGEMENT OF THE '789 PATENT)

51.    The allegations above are incorporated herein by reference.

52.    On information and belief, Zydus submitted the Zydus ANDA to FDA, and thereby seeks FDA approval of the Zydus ANDA Product.

53.    Zydus has infringed at least claims 1, 9, and 11 of the '789 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zydus ANDA with a Paragraph IV Certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale in the United States or importation into the United States of a generic version of EVRYSDI® prior to the expiration of the '789 Patent.  At least claim 1 of the '789 Patent encompasses solid forms of risdiplam, at least claim 9 of the '789 Patent encompasses pharmaceutical compositions comprising risdiplam, and at least claim 11 of the '789 Patent encompasses a kit for the preparation of a pharmaceutical composition comprising risdiplam.  In the Zydus Notice Letter, Zydus has not contested infringement of claims 1, 9, and 11—or any claim—of the '789 Patent.

54.    On information and belief, the Zydus ANDA essentially copies the EVRYSDI® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(8)(iv), and therefore instructs, recommends, encourages, and/or suggests physicians and/or patients to infringe at least claim 11 of the '789 Patent.

55.    On information and belief, the Zydus ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claim 11 of the '789 Patent.

56.    Zydus's commercial manufacture, use, offer to sell, sale, or importation of the Zydus ANDA Product before the expiration of the '789 Patent would directly infringe, or contribute to or induce infringement of, one or more claims of the '789 Patent, including, but not

limited to, claims 1, 9, and 11, under 35 U.S.C. § 271.  Zydus's infringement of at least claims 1, 9, and 11 is either literal or under the doctrine of equivalents.

57.     Genentech and Roche will be harmed substantially and irreparably if Zydus is not enjoined from infringing the '789 Patent and/or if FDA is not enjoined from approving the Zydus ANDA before the '789 Patent expires.

58.     Genentech and Roche have no adequate remedy at law.

59.     Genentech and Roche are entitled to all relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that FDA set the effective date of approval for the Zydus ANDA to be a date which is not any earlier than the expiration date of the '789 Patent, including any extensions, adjustments, and exclusivities associated with the '789 Patent.

60.     Zydus was aware of the '789 Patent when it submitted its ANDA.  On information and belief, Zydus's statement of the factual and legal basis regarding the invalidity of the '789 Patent is devoid of a good faith basis in either the facts or the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Genentech and Roche respectfully request that this Court enter judgment in its favor and grant the following relief:

A.     A judgment that Zydus has infringed directly, contributed to, or induced infringement of one or more claims of the '789 Patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, by submitting the Zydus ANDA to FDA to obtain approval for the commercial manufacture, use, offer or sale, sale, distribution in, or importation into the United States of the Zydus ANDA Product before the expiration of the '789 Patent;

B.     A judgment that Zydus will infringe directly, contribute to, or induce the infringement of one more claims of the '789 Patent under 35 U.S.C. § 271, either literally

or under the doctrine of equivalents, if Zydus markets, manufactures, uses, offers for sale, sells, distributes in, or imports into the United States the Zydus ANDA Product before the expiration of the '789 Patent;

C.     A judgment ordering that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of the Zydus ANDA, under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), shall not be earlier than the expiration of the '789 Patent, including any extensions, adjustments, or exclusivities;

D.     A judgment ordering that Zydus amend its Paragraph IV Certification to a Paragraph III Certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A);

E.     Entry of preliminary and permanent injunctions pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 enjoining Zydus, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '789 Patent, or contributing to or inducing the same, including the manufacture, use, offer to sell, sale, distribution or importation of any current or future versions of the Zydus ANDA Product before the expiration of the '789 Patent, including any applicable extensions, adjustments, and exclusivities;

F.     If Zydus commercially manufactures, uses, offers to sell, or sells in the United States or imports into the United States the Zydus ANDA Product prior to the expiration of the '789 Patent, including any extensions, adjustments, or exclusivities, a judgment pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284 awarding Plaintiffs Genentech and Roche monetary relief, together with interest;

15

G.      An award to Plaintiffs of attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285; and

H.      An award to Plaintiffs of costs and expenses in this action; and

I.      Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38.

16

*Of Counsel*:

Eric Alan Stone
Daniel J. Klein*
Aileen Huang*
Eliza P. Strong*
GROOMBRIDGE, WU, BAUGHMAN
   & STONE LLP
565 Fifth Ave
Suite 2900
New York, NY 10017
eric.stone@groombridgewu.com
dan.klein@groombridgewu.com
aileen.huang@groombridgewu.com
eliza.strong@groombridgewu.com
Tel: (332) 269-0030

Philip S. May
Saurabh Gupta*
Alyssa Ertel*
GROOMBRIDGE, WU, BAUGHMAN
   & STONE LLP
801 17th Street NW, Suite 1050
Washington, D.C. 20006
philip.may@groombridgewu.com
saurabh.gupta@groombridgewu.com
alyssa.ertel@groombridgewu.com
Tel: (202) 505-5830

Dated: February 27, 2025


*Pro hac vice* application forthcoming

s/ *Keith J. Miller*
Keith J. Miller
Bradley A. Suiters
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
kmiller@rwmlegal.com
Tel: (973) 690-5400

*Attorneys for Plaintiffs*
*Genentech, Inc. and Hoffmann-La Roche Inc.*

17